# Forman, Appellant, *v*. Fine.

*Interpleader—Sheriff's interpleader—Statement of claim—Amendment.*

Where in a sheriff's interpleader the plaintiff in her statement of claim alleged ownership by virtue of a purchase from a specified firm, and at the trial moved to amend her statement by substituting another name for the party of whom she bought the goods, it was error for the court to refuse the amendment.

In such a case the basis of plaintiff's claim is ownership and the proof of the purchase of the goods in question from someone is evidence of ownership. The change of the name of the party of whom the plaintiff bought the goods would vary the proof, but did not change the nature of the claim or introduce a new cause of action. The amendment should have been allowed and, if the defendant pleaded surprise, the case should have been continued at the cost of the plaintiff.

Argued October 14, 1926. Appeal No. 129, October T., 1926, by claimant, from judgment of C. P. Philadel-

phia County, September T., 1923, No. 129, in the case of Rebecca Forman v. B. Fine. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Sheriff's interpleader. Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory non-suit. Plaintiff appealed.

*Errors assigned,* was the refusal of the amendment, the refusal of claimant's motion for voluntary non-suit and the entering of a compulsory non-suit.

*Maurice G. Weinberg,* for appellant.—The amendment should have been allowed: Jackson v. Gunton, 26 Pa. Superior Ct. 203; Herbstritt v. Lumber Co., 212 Pa. 495; Erie City Iron Works v. Barber, 118 Pa. 6; Seipel v. Railroad Co., 129 Pa. 425; Booth v. Dorsey, 202 Pa. 381; Kaylor v. Shaffner, 24 Pa. 489; Levin v. U. Clad & Sons, 244 Pa. 194; Rochester Borough v. Kennedy, 229 Pa. 251.

*Herman J. Tahl,* for appellee, cited: Strouse & Co. v. Bard, 8 Pa. Superior Ct. 48.

OPINION BY TREXLER, J., December 10, 1926:

The sheriff by virtue of a writ of execution issued upon a judgment obtained against Mike Forman by B. Fine, levied upon the goods found in the possession of the defendant, whereupon Rebecca Forman gave notice that certain specified goods belonged to her and thereafter a petition for an interpleader was presented and the issue was joined. The claimant stated that she had right and title to the articles by purchase with her own money from Rosenblum &

Jaffe. When the case came up for trial, the plaintiff moved to amend by substituting the name Albert Cooper instead of Rosenblum & Jaffe. This was objected to and the court refused the amendment. By reason of such refusal, the plaintiff had no testimony to offer and stated she desired to suffer a voluntary non-suit. This the trial judge would not allow and a compulsory non-suit was entered. Should the court have granted the amendment?

The cause had been delayed and several continuances had. The court declined to go into the question of delay. He based his refusal of the amendment solely upon that it "would be in the nature of a new statement of claim" and its allowance would nullify the act of assembly of May 26, 1897, P. L. 95, Section 11, which provides that the plaintiff's statement shall be filed within two weeks after the sheriff's rule for issue is made absolute.

The basis of plaintiff's claim is ownership. The proof of the purchase of the chattels from someone is evidence of ownership. The change of the name of the party of whom the plaintiff bought the goods would vary the proof, but does not change the nature of the claim or introduce a new cause of action. Had the lower court allowed the amendment, the plaintiff could plead surprise and the case could have been continued. It would have been proper to place the costs of the term upon the plaintiff. We do not, however, find any thing in the case as presented which justified the court in refusing the amendment.

The order of court entering a compulsory non-suit is reversed with a venire and the record is remitted in order that the amendment prayed for may be allowed upon payment of the term costs.